American Labor Party Case.

Argued August 31, 1945. Before MAXEY, C. J., DREW, LINN, PATTERSON and JONES, JJ.

*Louis F. McCabe,* with him *Benjamin H. Renshaw,* for appellant.

*William T. Connor* and *Charles Edwin Wallington,* for County Election Board, appellees.

OPINION BY MR. JUSTICE PATTERSON, September 24, 1945:

This is a proceeding instituted by Joseph Kane, appellant, pursuant to Section 977 of the Pennsylvania Election Code [1] to set aside nomination petitions for candidates of the American Labor Party. The petition was dismissed by the court for want of jurisdiction, for the reason that a copy of said petition was not served upon the County Board of Elections within the time prescribed by the Election Code.

On April 24, 1945, nomination petitions for candidates of the American Labor Party, containing about 7000 signatures of qualified electors, were filed in the office of the County Board of Elections of Philadelphia.

---

[1] "All nomination petitions and papers received and filed within the periods limited by this act shall be deemed to be valid, unless, within seven days after the last day for filing said nomination petition or paper, a petition is presented to the court of common pleas of the county in which the nomination petition or paper was filed, specifically setting forth the objections thereto, and praying that the said petition or paper be set aside. A copy of said petition shall, within said period, be served on the officer or board with whom said nomination petition or paper was filed": Act of 1937, P. L. 1333, Section 977, as amended by Act of 1943, P. L. 353, Section 1, 25 P. S., Section 2937.

Appellant filed a petition in the Court of Common Pleas No. 4 of Philadelphia County to have the said nomination papers set aside on May 16, 1945, the last day prescribed by the election code for filing such petitions. The petition alleged, *inter alia,* that most of the signatures. were fraudulent, that the affidavit of the qualified elector was false, and that the papers contained apparent material errors and defects. At appellant's request the office of the prothonotary was kept open after the usual closing time so that the said petition could be filed. A copy of the petition was not served upon the county board of elections until the following day, May 17. On that day the court fixed May 28 as the day for hearing on the petition. It also directed that service of notice of the filing of the petition and of the time and place of hearing be served upon the candidates named in the nomination papers not later than five days prior to the date fixed for the hearing.

Counsel for the county board of elections and for the nominees entered appearances *de bene esse,* challenging the jurisdiction of the court to consider the petition for the reason that service of a copy of the petition had not been made upon the county board of elections within the time prescribed by Section 977 of the Election Code. The court refused appellant's offer of proof to show fraud on the part of the person or persons who filed the nomination papers, and dismissed the petition for want of jurisdiction. On July 6 this appeal was filed, and August 31 was fixed for a special session to hear arguments.

Appellant contends that (1) the provision of the Election Code requiring that service of a copy of any petition challenging the validity of nomination papers be made upon the county board of elections within the time limit prescribed for the filing of the original petition is directory only, and (2) there has been substantial compliance with the Code.

The mandatory or directory nature of a statute depends on whether the thing directed to be done is of the essence of the thing required: *Singer v. Delaware L. & W. R. R. Co.,* 254 Pa. 502, 505; *Socialist Labor Case,* 332 Pa. 78; *Deibert v. Rhodes,* 291 Pa. 550; *Norwegian Street,* 81 Pa. 349, 354. A mandatory provision is one the failure to follow which renders the proceeding to which it relates illegal and void. A directory provision is one the observance of which is not necessary to the validity of the proceeding. See *Deibert v. Rhodes,* supra. "When a statute fixes the time within which an act must be done, the courts have no power to enlarge it, although it relates to a mere question of practice": *Harris v. Mercur (No. 1),* 202 Pa. 313, 318.

The legislature has prescribed a period of seven days after the last day for filing nomination papers as the time within which persons desiring to object to the validity of any nomination petitions must file a petition seeking to set aside such petitions and serve a copy of the same upon the proper officer or board. Unless these requisite procedural steps have been properly performed, the nomination papers are deemed valid and a court is without power to set them aside.

Use of the word "shall" indicates that the statutory time limit is mandatory. Consideration of the election machinery and other mandatory time limits provided by the code forces a similar conclusion. The Board of Elections is not, as urged by appellant, a party entirely disinterested in the matter. "The Election Code makes the County Board of Election more than a mere ministerial body. It clothes it with quasi-judicial functions . . .": *Boord v. Maurer,* 343 Pa. 309, 312. Section 953 of the Code (25 P.S., Section 2913) provides a period of 30 days before the last day for filing nominating petitions, within which time the petitions must be prepared. Any signature not bearing a date within said 30 days "shall" not be counted. All nomination petitions *must* be filed at least 20 days prior to the date of the primary

election. Appellant concedes that the requirement that the original petition to set aside the nomination papers shall be presented to the Court of Common Pleas, of the county in which the nomination papers are filed, within 7 days after the last day for filing nomination papers is mandatory. The requirement that "a copy of said petition shall, within said period, be served on the officer or board with whom said nomination petition or paper was filed" assures the physical presence of a copy of a petition to strike off nomination papers in the same public office in which the nomination papers are on file. The copy, together with the challenged petition, becomes a public record open to inspection by the public. See Section 308 of the Election Code (25 P.S. Section 2648). The essence of the thing required is having a copy of a duly filed petition to set aside the nomination papers on file as a public record not later than 7 days after the last day for filing nomination papers. Proper filing of both the petition and a copy thereof must be had before an appeal to a court of common pleas has been perfected. Failure to perfect an appeal within the time prescribed by the legislature is fatal to appellant's case. Cf. *Singer v. Delaware L. & W. R. R. Co.*, supra, 504, 505; *Harris v. Mercur (No. 1)*, supra, 317. Clearly the legislature intended all provisions of Section 977 to be mandatory. It could not, however, constitutionally impose upon the courts mandatory duties pertaining to the exercise of the judicial function: *Socialist Labor Case*, supra, 80. As applied to all others, the provisions are mandatory.

Appellant's contention that to hold the provision mandatory will permit the perpetration of a vicious fraud upon the public and rigidity of interpretation will foreclose flexibility of action would render the statute a nullity. Each failure to comply strictly would necessitate judicial determination of a reasonable time, under the circumstances, within which the required service must be made. Laxity and delay in perfecting appeals

to the courts of common pleas would be encouraged. Matters of vital importance to our popular election system of government would be removed from the uniform and definite, and relegated to uncertainty dependent upon a question of degree and relative desirability. This the legislature has wisely foreclosed by enactment of the statute in question. Clearly, appellant's duty to serve a copy of the petition upon the County Board of Elections within the time limit prescribed for the filing of the petition was mandatory. This legislative mandate cannot be waived or dispensed with by the court. Appellant's contention that there has been substantial compliance is, therefore, without merit.

The court below was of opinion that it was without jurisdiction. "The test of jurisdiction is whether the court has power to enter upon the inquiry, not whether it may ultimately decide that it is unable to grant the relief sought in the particular case": *Main Cleaners & Dyers, Inc., v. Columbia Super Cleaners, Inc.,* 332 Pa. 71, 74. Jurisdiction relates solely to the competency of the court to hear and determine controversies of the class to which the case immediately presented belongs. Cf. *Welser v. Ealer,* 317 Pa. 182. The court below had jurisdiction to hear the petition in question. It could not, however, grant the requested relief for the reason that appellant failed to prove compliance with the mandatory provisions of the Election Code.

The decree of the court below is affirmed. Costs to be paid by appellant.

————

DISSENTING OPINION BY MR. CHIEF JUSTICE MAXEY:

I dissent from the majority opinion. I think the provision in Section 977 of the Election Code as amended by the Act of May 21, 1943, P. L. 353, Section 1, 25 P. L. 2937, reading as follows: "A copy of said petition shall, within said period, be served on the officer or board with whom said nomination petition or paper was filed." was merely directory in character.

When the Legislature wished to make the provision as to filing objections to nomination papers within seven days after the last day for filing said nomination papers, it used language whose *mandatory* purport could not be mistaken. It said: "All nomination petitions . . . received and filed within the periods limited by this Act *shall be deemed to be valid, unless,*" etc. [italics supplied]. If the Legislature wished the provision as to serving a copy of the objecting petition "within said period" [seven days] to be mandatory, it would have had *two* "unless" clauses instead of one in Section 977, and the second "unless" clause would have contained a provision as to the service of a copy of the objecting petition within the same period. The very substantial difference between the phrasing of the first and second complete sentences, respectively, in Section 977, supra, clearly indicates that the first sentence was a command while the second sentence was only a direction.

The long recognized test as to whether a statute is mandatory or directory is that given by Lord MANSFIELD in *Rex v. Loxdale,* 1 Burr. 447, as follows: "Whether a statute is mandatory or not depends on whether the thing directed to be done is of the essence of the thing required." This test has frequently been approved by the courts of this state. In *Deibert v. Rhodes,* 291 Pa. 550, this court said: " 'Whether a particular statute is mandatory or directory does not depend upon its form, but upon the intention of the legislature, to be ascertained from a consideration of the entire act, its nature, its object, and the consequences that would result from construing it one way or the other': 36 Cyc. 1157; quoted with approval in McQuiston's Adoption, 238 Pa. 304, 308. 'When a statute directs certain proceedings to be done in a certain way, or at a certain time, the law will be regarded as directory and the proceedings under it will be held valid, though the command of the statute as to form and time has not been strictly obeyed; the time and manner not being the essence of the thing re-

quired to be done': Coolbaugh v. Herman, 221 Pa. 496; and see Cowan's Est., 184 Pa. 339. One provision of a statute may be mandatory and another directory. 'Statutes, or particular provisions of statutes, may be either mandatory or directory. A mandatory provision is one the omission to follow which renders the proceeding to which it relates illegal and void, while a directory provision is one the observance of which is not necessary to the validity of the proceeding': 25 R. C. L. 766." Applying this established test and considering the object of Section 977, and the consequences which would result from construing the second sentence as mandatory, I am forced to the conclusion that the second sentence is *not* mandatory.

Even if the question was doubtful, the decision ought to be the one which would permit the court below to determine whether the charge of fraud in the creation of the nomination papers challenged is or is not well founded. If the charge is well founded, the papers should go the way of all other spurious papers; if the charge is not well founded, the papers and their sponsors should be cleared of the imputation cast upon them. If, as charged, there are on the nomination papers several thousand forged names, these papers constitute no legal foundation whatever for the allegedly made nomination papers of the American Labor Party, of certain candidates for Philadelphia city offices. The papers, if spurious, as charged, have no more legal standing than a forged will or a counterfeit hundred dollar bill. The one day's delay in notifying the board with which the alleged spurious nomination papers were filed, that these papers had been attacked on the day before by a petition filed in the Court of Common Pleas, did not in the slightest degree hamper that board in the performance of any duty cast upon it by law in respect to those papers. As the board made no objection to the filing of those nomination papers, the matter was out of its hands when the objecting petition was filed in due time

in the prothonotary's office. The serving of a copy of the objection on the board was of no legal consequence. The question of the validity of the nomination papers was no longer a matter for it to pass on.

The petition filed on May 16th had put the parties in court. The Act of 1937, as amended in 1943, provides that "upon the presentation of such petition [that is, the petition filed in court in this case, in seven days] the court shall make an order fixing a time for hearing," and "on the day fixed for said hearing the court shall proceed without delay to hear said objections." All this indicates that the serving of a copy of the objecting petition on the board of election was *not* "of the essence of the thing required," but was of negligible or no import. It was a mere notice to an official body that the validity of certain alleged nomination papers was no longer before that body but was before the court. It had gotten *there* because objectors put it there on time. That a copy of their petition was served on the board of elections a day later had no prejudicial effect whatever on the proceedings then in court. The language used by that part of the Act directing the serving of a copy of the petition is in such striking contrast with the language it used in commanding the petition itself to be filed within seven days, that the contrast should be given the judicial significance it is obviously entitled to.

The law is well settled that when the statute says an appeal must be taken within a certain period that provision is mandatory, and no court can extend the time for taking an appeal. In the instant case the presentation of the objecting petition, to the Court of Common Pleas was analogous to the taking of an appeal, and if the objecting petition had not been filed within that seven-day period no court could grant the objectors any relief. But the objections *were* filed in seven days. It was merely the service of a *copy* of the objecting petition which was not filed in seven days.

If the law said that no appeal to the Supreme Court from the judgment of the Court of Common Pleas shall

be "deemed to be valid" unless taken within ninety days from the entry of the judgment, and in another sentence said: A copy of the præcipe for the appeal shall be filed with the court below within the same period, I think we would have no difficulty in deciding that the first provision was mandatory and the second one merely directory.

The use of the word "shall" in a statute does not necessarily mean that it must be construed as a mandate. This court in an opinion by Chief Justice MITCHELL, *In re Supervisor of Nether Providence Township. Anderson's Appeal,* 215 Pa. 119, 64 A. 444, held: "The word 'shall,' when used by the legislature to a court is usually a grant of authority and means 'may,' and even if it is intended to be mandatory it must be subject to the necessary limitation that a proper case has been made out for the exercise of the power:" *Becker v. Lebanon, etc., St. Ry. Co.,* 188 Pa. 484.

In *Com. ex rel. Bell v. Powell,* 249 Pa. 144, 94 A. 746, this court quoted with approval the following from 35 Cyc. Law & Procedure, 152: "It [the word 'shall'] may be construed to mean 'may' when no right or benefit to any one depends on its imperative use; when no advantage is lost, when no right is destroyed, when no benefit is sacrificed, either to the public or to any individual, by giving it that construction . . ." I think this language fits the instant case precisely and there are scores of decisions in this and in other jurisdictions which are in accord with the principle applied in the case just cited. What the Branch Appellate Court of Illinois said in *People ex rel. Landwehr v. Humbracht,* 215 Ill. App. 29, can be appropriately said about the use of the word "shall" in the case now before us. That court said: "The word 'shall' [in a statute] may be held to be merely directory when no advantage is lost, when no right is destroyed, when no benefit is sacrificed, either to the public or to any individual, by giving it that construction."

The court below clearly had jurisdiction of the subject matter of this case and of the parties. In my judgment the court below was not justified in refusing to hear the case and to grant the relief the facts warranted merely because the objectors to the nominating petition were one day late in serving on the board of elections a copy of the petition they had filed with the court within the required seven-day period. This service on the board amounted to no more than a notice to it of the pendency of the proceedings in court and the provision requiring this notice was no more than a mere direction. I would therefore reverse the order of the court below and let the facts as to the allegedly fraudulent nomination papers be judicially ascertained.

Mr. Justice JONES concurs in this dissent.