516 A.2d 782

In Re: Nomination Petition of William J. Passio, Jr. as Candidate for the Democratic Nomination for Representative in the General Assembly from the 184th Representative District. Objection of Vincent J. Fumo.

Heard February 22, 1984, by Judge BARBIERI.

*Gregory M. Harvey, Morgan, Lewis & Bockius,* for petitioner.

*Natale F. Carabello, Jr.,* for respondent.

OPINION BY JUDGE BARBIERI, March 6, 1984:

Currently before us is a petition to set aside the nomination petition of William J. Passio, Jr., a candidate for the Democratic Party's nomination for Senator in the General Assembly from the First Senatorial District, and Mr. Passio's motion to dismiss and answer thereto.

In his motion to dismiss Mr. Passio alleges (1) that he was not properly served with notice of this Court's hearing on the petition to set aside his nomination petition, (2) that the objector here, Vincent J. Fumo, may not object to his nomination petition since Mr. Fumo is allegedly not a resident of the First Senatorial District, and (3) that the nomination petition is somehow invalidated by the fact that it was signed by Mr. Fumo's attorney, and not by Mr. Fumo. We find no merit in any of these contentions.

Section 977 of the Pennsylvania Election Code (Code), Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §2937, provides in pertinent part that the court shall specify "the time and manner of notice that shall be given to the candidate or candidates named in the nomination petition. . . ." Here, this Court's order stated in pertinent part that notice of this Court's hearing on the petition to set aside Mr. Passio's nomination petition "shall be served personally on WILLIAM J. PASSIO, JR., the candidate, or an adult member of his/her family[,]" and the RETURN OF SERVICE shows that notice of this Court's hearing was personally served on Mr. Passio's wife. Hence, proper service was made.

It also appears, from the evidence adduced and found credible by this Court, that Mr. Fumo resides at 1331 Moore Street, Philadelphia, Pennsylvania, an address within the First Senatorial District.

Finally, we note that Mr. Passio has not cited any authority, nor has our research revealed any authority, which would require an objector, and not his attorney, to sign a petition to set aside a nomination petition. Similarly, no authority has been cited, or found, which would require verification of pleadings of fact not appearing of record in cases involving objections raised to nomination petitions. While such a verification rule is found in Pa. R.C.P. No. 1024, that rule is not applicable here.

Turning to the merits of the petition to set aside Mr. Passio's nomination petition, we initially note that Section 912(c) of the Code, 25 P.S. §2872(c), requires 200 "registered and enrolled members of the proper party" to sign nomination petitions for candidates to the office of State Senator, that Mr. Passio's nomination petition had 247 signatures, and that objections were raised to 113 of the signatures. Evidence adduced at the hearings before this Court included, *inter alia,* the testimony of an expert handwriting analyst, the testimony of a representative from the Philadelphia Voter Registration Department, and Mr. Passio's rebuttal testimony. In each instance where Mr. Passio's testimony conflicted with that of the handwriting expert, we have resolved that conflict in his favor. In instances where the evidence offered by the objector differed from the specific objection raised in the petition to set aside the nomination petition, we found the signatures to be valid, except in instances where the evidence offered indicated that the party who signed the nomination petition was not in the voter registration binder, or was not registered as a Democrat. In such instances there was no impairment of Mr. Passio's ability to defend the validity of the signatures challenged since the registration binders and the representative from the Philadelphia Voter Registration Department were present at the hearings before this Court. Finally we note that even if we would have found the signatures to be valid in each instance where the proof offered differed from the objection raised in the objector's petition to set aside the nomination petition, Mr. Passio would still not have two hundred valid signatures on his nomination petition. Hence, from the evidence adduced at the hearings before this Court we make the following

### FINDINGS OF FACT

1. Those signatures appearing on page 1, lines 24, 29, and 44, page 2, lines 7, 9, 12, and 28, and page 8, line 32 are invalid since they were not signed by the individual whose name appears on the nomination petition.

2. Those signatures appearing on page 1, lines 2, 27, 30, 39, and 41, and page 2, lines 13 and 38, page 4, lines 1, 3, 4, 5, 15, and 16, page 6, lines 18 and 26, page 7, lines 2 and 5, page 8, lines 26, 27, 28, 39, and 40, and page 9, lines 4, 16, 17, and 18 are invalid since the individual who signed the nomination petition was not registered to vote.

3. Those signatures appearing on page 1, line 38, page 3, line 3, page 5, line 1, page 7, lines 1 and 17, and page 8, lines 1, 3, 6, 7, 13, 14, 15, 16, 17, 20, 21, 22, and 25 are invalid since the individual who signed the nomination petition was not registered as a Democrat.

4. Those signatures appearing on page 1, lines 34 and 37 are invalid since the individuals who signed the nomination petition did not reside in the First Senatorial District.

5. Mr. Passio has no more than one hundred ninety-three valid signatures on his nomination petition.

### CONCLUSION OF LAW

1. The nomination petition of William J. Passio, Jr., a candidate for the Democratic party's nomination for Senator in the General Assembly from the First Senatorial District, having no more than one hundred ninety-three valid signatures, must be set aside.

### ORDER

Now, March 6, 1984, upon consideration of the PETITION TO SET ASIDE NOMINATION PETITION

filed by Vince J. Fumo, and William J. Passio, Jr.'s motion to dismiss and answer thereto, and following hearings thereon, the nomination petition of William J. Passio, Jr., a candidate for the Democratic party's nomination for Senator in the General Assembly from the First Senatorial District, is hereby set aside, and the motion to dismiss filed by the said William J. Passio, Jr., is hereby denied. The Chief Clerk of this Court is hereby directed to send a certified copy of this order to the Secretary of the Commonwealth.