517 A.2d 732

In Re: Nomination Petition of Maritza Torres as Democratic Candidate for the Office of Member of the Ward Executive Committee for the 19th Ward, 1st Division. Maritza Torres, Appellant.

In Re: Nomination Petition of Angel R. Rivera as Democratic Candidate for the Office of Member of the Ward Executive Committee for the 19th Ward, 5th Division. Angel R. Rivera, Appellant.

In Re: Nomination Petition of Samuel Garcia as Democratic Candidate for the Office of Member of the Ward Executive Committee for the 19th Ward, 3rd Division. Samuel Garcia, Appellant.

In Re: Nomination Petition of Nereida Colon as Democratic Candidate for the Office of Member of the Ward Executive Committee for the 19th Ward, 10th Division. Nereida Colon, Appellant.

Argued May 8, 1986, before President Judge CRUMLISH, JR., and Senior Judges BARBIERI and KALISH, sitting as a panel of three.

*Robert J. Mulligan, Robert J. Mulligan, Inc., P.C.,* for appellants.

*Mark Jurikson,* for appellees, Arthur Noe and Roberto Arle.

OPINION BY SENIOR JUDGE KALISH, May 12, 1986:

Maritza Torres (appellant) appeals an order of the Court of Common Pleas of Philadelphia County which set aside her nomination petition. We reverse.[1]

On March 11, 1986, the appellant filed a nomination petition to have her name placed on the ballot as Democratic Candidate for the Office of Member of the Ward

---

[1] Although never formally consolidated, three additional appeals heard this day, *In Re: Nomination Petition of Angel R. Rivera* (No. 1263 C.D. 1986), *In Re: Nomination Petition of Samuel Garcia* (No. 1264 C.D. 1986), and *In Re: Nomination Petition of Nereida Colon* (1265 C.D. 1986), involve the same jurisdictional issue raised in this appeal. For the reasons set forth in this opinion, we reverse the trial court's orders setting aside the nomination petitions of Angel R. Rivera, Samuel Garcia and Nereida Colon.

Executive Committee for the 19th Ward, 1st Division of the City and County of Philadelphia. Under section 977 of the Pennsylvania Election Code (Election Code), Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §2937, objections to nomination petitions must be filed within seven days after the last day for filing nomination petitions. By oral order, Administrative Judge CHARLES MIRARCHI extended the deadline for filing objections for an additional seven days, until March 25, 1986. On that date, the appellee, Judith Alvarez, filed a petition to set aside the appellant's nomination petition. Following a hearing, the trial court ordered that the appellant's nomination petition be stricken because only six signatures were valid.

The appellant contends that the statutory deadline for filing objections to nomination petitions set forth in section 977 of the Election Code, 25 P.S. §2937, is mandatory, and that Administrative Judge MIRARCHI was without authority to extend the deadline for filing objections. The appellant further contends· that the trial judge did not apply the correct standard in evaluating the handwriting of the signers of the nomination petition.

The pertinent portion of section 977 of the Election Code, 25 P.S. §2937 provides:

All nomination petitions and papers received and filed within the periods limited by this act shall be deemed to be valid, unless, within seven days after the last day for filing said nomination petition or paper, a petition is presented to the court specifically setting forth the objections thereto, and praying that the said petition or paper be set aside.

The appellee cites *Moore Nomination Petition,* 447 Pa. 526, 291 A.2d 531 (1972), for the proposition that the time deadline for filing challenges to nomination

petitions is directory and not mandatory. In *Moore,* an objection to the nomination petition in question was timely filed. However, the trial judge continued the hearing beyond the ten day limit set forth in section 977. There, the court held that the portion of section 977 requiring the court to fix a time for hearing not later than ten days after the last day for filing the nomination petition is directory. However, that holding did not extend to the requirement that objections be filed within seven days.

In *American Labor Party Case,* 352 Pa. 576, 44 A.2d 48 (1945), the court held that the requirement that objections to nomination petitions be filed within seven days is mandatory. Moreover, the courts have no power to waive or dispense with a statutorily prescribed time limit. *Id.* Nowhere in the record is there a transcript of the proceedings or events that transpired before Judge MIRARCHI. In the absence of a showing of some extraordinary circumstance, such as fraud, or the breakdown of the judicial process, a court cannot extend the legislatively mandated time limit. It is the opinion of this court that Judge MIRARCHI was without authority to extend the deadline for filing objections to nomination petitions. We therefore hold that the order of Judge MIRARCHI is null and void.

Having determined that Judge MIRARCHI's order is null and void, we must hold that the appellee's objection was not timely filed. Thus, we need not address the appellant's remaining argument.[2] Accordingly, we reverse the trial court's order setting aside the nomination petition of Maritza Torres.

---

[2] Likewise, we will not address the additional arguments raised by the appellants in the other three cases. In *Rivera,* the appellant also argues that the issue of his residency at the time he executed his circulator's affidavit was not specifically raised in the objector's pleadings below. In *Garcia,* the appellant argues that the

## ORDER IN 1262 C.D. 1986

NOW, May 12, 1986, the order of the Court of Common Pleas of Philadelphia County, No. 5166 March Term 1986, dated April 4, 1986, is reversed.

The Prothonotary is ordered to immediately notify the Philadelphia County Board of Elections that the name Maritza Torres is to be certified and reinstated on the May 20, 1986 primary ballot as a candidate for the office of the Ward Executive Committee of the Democratic Party, from the 19th Ward, 1st Division, of the City and County of Philadelphia.

## ORDER IN 1263 C.D. 1986

NOW, May 12, 1986, the order of the Court of Common Pleas of Philadelphia County, No. 5168 March Term 1986, dated April 4, 1986, is reversed.

The Prothonotary is ordered to immediately notify the Philadelphia County Board of Elections that the name Angel R. Rivera is to be certified and reinstated on the May 20, 1986 primary ballot as a candidate for the office of the Ward Executive Committee of the Democratic Party, from the 19th Ward, 5th Division, of the City and County of Philadelphia.

## ORDER IN 1264 C.D. 1986

NOW, May 12, 1986, the order of the Court of Common Pleas of Philadelphia County, No. 5769 March Term 1986, dated April 4, 1986, is reversed.

The Prothonotary is ordered to immediately notify the Philadelphia County Board of Elections that the

---

trial court abused its discretion in holding the entire nomination petition invalid although it had found eleven signatures to be valid. In *Colon,* the appellant contends that the objector failed to specifically challenge the signature on line 26, and that the trial court failed to apply the proper standard in evaluating the handwriting of the signers of the nomination petition.

name Samuel Garcia is to be certified and reinstated on the May 20, 1986 primary ballot as a candidate for the office of the Ward Executive Committee of the Democratic Party, from the 19th Ward, 3rd Division, of the City and County of Philadelphia.

## ORDER IN 1265 C.D. 1986

NOW, May 12, 1986, the order of the Court of Common Pleas of Philadelphia County, No. 5184 March Term 1986, dated April 4, 1986, is reversed.

The Prothonotary is ordered to immediately notify the Philadelphia County Board of Elections that the name Nereida Colon is to be certified and reinstated on the May 20, 1986 primary ballot as a candidate for the office of the Ward Executive Committee of the Democratic Party, from the 19th Ward, 10th Division, of the City and County of Philadelphia.