574 A.2d 1168

**In re Nominating Petition of Esther M. LEE for the Position of Representative in the General Assembly of District No. 135—Democrat.**

**Appeal of Daniel James ANDERS, Petitioner.**

Commonwealth Court of Pennsylvania.

Heard March 20, 1990.

Decided April 4, 1990.

Michele A. Varricchio, Rooney & Varricchio, Allentown, for petitioner.

Glennis L. Clark, for respondent.

BARBIERI, Senior Judge.

Before this Court is a petition by Daniel James Anders, Petitioner, to set aside the nomination petition filed by Esther M. Lee, a Candidate seeking the nomination of the Democratic Party in the May 15, 1990 Primary Election for the position of Representative from District 135 in the General Assembly. Both Petitioner and the Candidate were represented by counsel at the hearing on this matter.

Petitioner challenges the validity of a large number of signatures contained in the Candidate's nomination petition on several bases. At the hearing, counsel for both parties stipulated that a total of 104 signatures on the Candidate's nomination petitions were invalid for a variety of reasons.[1]

---

1. The 104 invalid signatures to which both parties stipulated break down as follows:

(1) signers not registered to vote—68 names [contained in Exhibit A];
(2) signers registered as other than Democrats—9 names [contained in Exhibit B];

The Candidate had presented a nomination petition containing a total of 362 signatures. Thus, subtracting the admittedly invalid signatures from this total, the Candidate is left with 258 signatures, less than the 300 signatures required by Section 912.1(14) of the Pennsylvania Election Code (Code) [2] to become a candidate for nomination as a Representative in the General Assembly. The Candidate presented no witnesses at the hearing.

However, before discussing further the merits of Petitioner's objections, we must first address a motion made at the hearing by the Candidate's counsel to dismiss Petitioner's petition to set aside the Candidate's nomination papers. Therein, the Candidate alleges that Petitioner failed to comply with mandatory requirements for filing and service of said petition.

Petitioner refers us to Section 977 of Code, which reads in part:

All nomination petitions and papers received and filed within the periods limited by this act shall be deemed to be valid, unless, within seven days after the last day for filing said nomination petition or paper, a petition is presented to the court specifically setting forth the objections thereto, and praying that said petition or paper be set aside. A copy of said petition shall, within said period, be served on the officer or board with whom said nomination petition or paper was filed....

25 P.S. § 2937. In the present case, the record reveals that the Candidate filed her nomination petition with the Pennsylvania Department of State, Bureau of Elections, on March 6, 1990, the last day for filing nomination petitions for the May primary election. Petitioner's petition, raising objections to the validity of the Candidate's nomination petition, was presented to this Court on March 13, 1990,

(3) signers registered outside District No. 135—26 names [contained in Exhibits C and E];
(4) signature crossed out—1 name [contained in Exhibit D].

**2.** Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. § 2872.1(14).

thereby falling within the seven day period prescribed by the Code.

However, the record also includes a CERTIFICATE OF SERVICE indicating that a copy of Petitioner's petition was served at the office of the Secretary of the Commonwealth on March 16, 1990. Our reading of Section 977 of the Code leads us to conclude that service of a copy of the petition on the Secretary of the Commonwealth should have been made within the same seven day period in which objections were to be presented to this Court. The Candidate asserts that this defect in service on the Secretary of the Commonwealth necessitates dismissal of Petitioner's petition.

The Pennsylvania Supreme Court has previously addressed the issue of service of a petition to set aside nomination papers on a county election board in *American Labor Party Case,* 352 Pa. 576, 44 A.2d 48 (1945). There, by a 3–2 vote, the Supreme Court affirmed an order of the common pleas court dismissing the petitioner's objections on grounds that service of a copy of the petition had not been made on the county election board within the time period set forth in the Code. In so doing, the Supreme Court found the provisions of Section 977 of the Code to be in the nature of mandatory requirements.

> The legislature has prescribed a period of seven days after the last day for filing nomination papers as the time within which persons desiring to object to the validity of any nomination petitions must file a petition seeking to set aside such petitions and serve a copy of the same upon the proper officer or board. Unless these requisite procedural steps have been properly performed, the nomination papers are deemed valid and a court is without power to set them aside. Use of the word 'shall' indicates that the statutory time limit is mandatory....

*Id.,* 352 Pa. at 579, 44 A.2d at 50. *See also, Beynon Appeal,* 370 Pa. 532, 88 A.2d 789 (1952). Courts have continued to interpret the provisions of Section 977 as mandatory in nature, with the exception that provisions

relating to the exercise of judicial functions, such as setting the time for hearing and decision of matters before the courts, have been held to be directory and not mandatory. *Moore Nomination Petition,* 447 Pa. 526, 291 A.2d 531 (1972); *American Labor Party Case; Socialist Labor Case,* 332 Pa. 78, 1 A.2d 831 (1938).

■ However, we note, and the Candidate concedes, that the provision of Section 977 relating to service of a copy of a petition to set aside a nomination petition upon the appropriate election office, in this case the Bureau of Elections, is not jurisdictional. The Supreme Court specifically stated in *American Labor Party Case:*

> The court below was of the opinion that it was without jurisdiction.... Jurisdiction relates solely to the competency of the court to hear and determine controversies of the class to which the case immediately presented belongs. The court below had jurisdiction to hear the petition in question. It could not, however, grant the requested relief for the reason that appellant failed to prove compliance with the mandatory provisions of the Election Code.

*Id.* 352 Pa. at 581, 44 A.2d at 50–51 (citation omitted). Therefore, this Court is not deprived of jurisdiction to hear Petitioner's challenge.

Although the Supreme Court has held that notice to the appropriate election office is mandatory, there would be no purpose served in granting this Court jurisdiction to hear Petitioner's challenge if we were forced to uphold the nomination petition in any event. We cannot believe that the legislature would require this Court, under the circumstances present here, to validate a nomination petition stipulated by the parties to be invalid. We point out that the language of Section 912.1(14) of the Code is also mandatory in nature where it provides:

> Candidates for nomination of offices as listed below *shall* present a nominating petition containing at least as many

*valid* signatures of registered and enrolled members of the proper party as listed below:

\* \* \* \* \* \*

Representative in the General Assembly: Three hundred.

\* \* \* \* \* \*

(Emphasis added.)

While it may be that the Candidate's assertion, that filing of a copy of Petitioner's petition on the Secretary of the Commonwealth was not done within the time prescribed by the Code, is true, we will not dismiss Petitioner's objections for this reason where we are faced with a nomination petition which is admittedly lacking the number of valid signatures required by Section 912.1(14) of the Code in order to seek this office.

In the dissent by Chief Justice Maxey, agreeing with the majority in *American Labor Party Case* that the timely filing of the *copy* was not jurisdictional, it is stated:

But the objections *were* filed in seven days. It was merely the service of a *copy* of the objecting petition which was not filed in seven days.... The court below clearly had jurisdiction of the subject matter of this case and of the parties. In my judgment the court below was not justified in refusing to hear the case and to grant the relief the facts warranted merely because the objectors to the nominating petition were one day late in serving on the board of elections a copy of the petition they had filed with the court within the required seven day period. This service on the board amounted to no more than a notice to it of the pendency of the proceedings in court and the provision requiring this notice was no more than a mere direction.

*Id.*, 352 Pa. at 584–586, 44 A.2d at 52–53 (Emphasis in original).

Carrying the Candidate's contention to a hypothetical extreme to illustrate a point, let us consider a timely filed petition which contains no valid signatures at all, but the copy to the Secretary of the Commonwealth was filed a few days late, as here. The Candidate would have us hold that

this was a valid nomination petition. Obviously, we could not attribute to the legislature or to the courts the intent to authorize such an absurd and outrageous result. As we read the relevant provisions of Section 977, only the *presumption* of validity is lost by late filing; the Candidate must still provide 300 "valid" signatures. *See* Section 912.-1(14) of the Code.

 The Candidate also asserts that Petitioner's petition must be dismissed because service on the Candidate was not made by a person designated or deputized by the Sheriff of Dauphin County, as she contends is required by Commonwealth Court Internal Operating Procedure § 341. This assertion is without merit. The Code does not require any specific form of service. The Candidate does not deny receiving service, nor does she assert that service was made in a manner that was inconsistent with the manner of service generally ordered by this Court.[3] The form of service used here was approved by this Court in *Nomination Petition of Passio,* 102 Pa.Commonwealth Ct. 125, 516 A.2d 782 (1984).

Having rejected the bases for the Candidate's motion to dismiss Petitioner's petition, we deny said motion. Moreover, having established at the hearing, through stipulations by both parties, that the nomination petition of the Candidate does not contain the number of valid signatures legally sufficient for her to appear on the primary ballot as a candidate for the office of Representative in the General Assembly, we conclude that Petitioner's petition should be granted, and the nomination petition of Esther M. Lee must be set aside.

[3]. For example, this Court's order setting a hearing date in the present case, provided as follows:

Written notice of the time and place of said hearing as fixed by this Order, together with a copy of the said petition, if such petition has not previously been served, shall be hearing as fixed by this Order, together with a copy of the said petition, if such petition has not previously been served, shall be served personally on ESTHER M. LEE, the candidate, or an adult member of the candidate's family....

8

## ORDER

AND NOW, April 4, 1990, upon consideration of the petition of Daniel James Anders, seeking to set aside the nomination petition of Esther M. Lee, and the motion to dismiss said petition filed by Esther M. Lee, and after a hearing thereon, the nomination petition of Esther M. Lee, a candidate for the Democratic party's nomination for Representative in the General Assembly from District No. 135, is hereby set aside, and the motion to dismiss filed by Esther M. Lee is hereby denied. The Chief Clerk of this Court is hereby directed to send a certified copy of this order to the Secretary of the Commonwealth. Costs of this suit are hereby assessed against Esther M. Lee.

## ORDER

AND NOW, May 1, 1990, it is ORDERED that the opinion filed April 4, 1990, shall be designated OPINION rather than MEMORANDUM OPINION, and that it shall be reported.