578 A.2d 1277

**In re Nominating Petition of Esther M. LEE for the Position of Representative in the General Assembly of District No. 135—Democrat.**

**Petition of Daniel James ANDERS.**

**Appeal of Esther M. LEE.**

Supreme Court of Pennsylvania.

Argued May 7, 1990.

Decided Aug. 20, 1990.

Glennis L. Clark, Allentown, for petitioner.

Michele A. Varricchio, Allentown, for respondent.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

This is an appeal from an order of the Commonwealth Court setting aside the nomination petition of appellant, Esther M. Lee, as a Democratic candidate for the office of State Representative from District No. 135 of the Commonwealth of Pennsylvania. Following argument, we entered a per curiam order reversing the disposition below and noting that an opinion would follow.

On March 6, 1990, the last day for filing nomination petitions for the May primary election, appellant filed her

nomination petition with the Pennsylvania Department of State, Bureau of Elections. Seven days later, on March 13, 1990, appellee, Daniel James Anders, filed a petition in the Commonwealth Court raising objections to appellant's nomination petition. Three days after that, on March 16, 1990, a copy of appellee's petition was served on the Secretary of the Commonwealth at the Bureau of Elections.

At the hearing before the Commonwealth Court, appellant moved to dismiss appellee's petition to set aside her nomination petition claiming, among other matters, that "[t]he petition of the challenger was not served timely on the Secretary of the Commonwealth pursuant to the Election Code." Para. 14, Appellant's Motion to Dismiss Challenge to Nominating Petition. Commonwealth Court took appellant's motion to dismiss under advisement and proceeded to take evidence on appellee's petition. The parties stipulated that out of 362 signatures on appellant's nomination petition, 104 signatures were invalid. Because the nomination petition contained fewer valid signatures than the 300 that were required for certification under the Election Code,[1] Commonwealth Court, constructing a faulty syllogism, determined that it could not dismiss appellee's petition for failure to timely serve the Secretary of the Commonwealth. The Commonwealth Court set aside appellant's nomination petition and assessed costs against the appellant. 133 Pa.Cmwlth. 1, 574 A.2d 1168.

Appellant filed an emergency petition for review to this Court. We listed the case for argument and stayed the order of the Commonwealth Court.[2] The issue of concern herein is whether appellee's failure to timely serve the Secretary of the Commonwealth rendered appellee's petition to set aside appellant's nomination petition void.

1. 25 P.S. § 2872.1(14).
2. This Court has jurisdiction in the case by virtue of the provisions of 42 Pa.C.S.A. § 723(a) (Supreme Court has exclusive jurisdiction over appeals from final orders in matters originally commenced in Commonwealth Court).

Section 977 of the Election Code provides, in relevant part, as follows:

All nomination petitions and papers received and filed within the periods limited by this act shall be deemed to be valid, unless, within seven days after the last day for filing said nomination petition or paper, a petition is presented to the court specifically setting forth the objections thereto, and praying that the said petition or paper be set aside. *A copy of said petition shall, within said period, be served on the officer or board with whom said nomination petition or paper was filed....* The office of the Prothonotary of the Commonwealth Court and the office of the Secretary of the Commonwealth and the various offices of prothonotary of the court of common pleas shall be open between the hours of eight-thirty o'clock A.M. and five o'clock P.M. on the last day to withdraw after filing nomination petitions and on the last day to file objections to nomination petitions.

25 P.S. § 2937 (Purdon 1989) (emphasis added).

Appellee concedes that this Court's decision in *American Labor Party Case*, 352 Pa. 576, 44 A.2d 48 (1945), is applicable herein. In that case, we determined that service within seven days of a copy of the petition to set aside a nomination petition on the officer or board (herein the Secretary of the Commonwealth) with whom the nomination petition was filed was *mandatory*, and that no relief could be granted where the challenger failed to effect timely service on that officer or board in accordance with section 977 of the Election Code. Appellee argues that we should reexamine our interpretation of the "seven day rule" with respect to service on the officer or board with whom the nomination petition was filed and determine "whether or not it's consistent with the electoral process and ballot printing forty-five years after the *American Labor Party Case*." Brief for Appellee at 18.

Although it may be true that ballots can be prepared in less time today than they could be forty-five years ago, the statute requires the service of objections to a nomination

petition upon the officer or board with whom the nomination petition was filed within seven days after the last date for filing a nomination petition. As this Court stated in *In re Jones*, 505 Pa. 50, 65, 476 A.2d 1287, 1294–95 (1984):

The sole and exclusive remedy for challenging a person's right to run for political office in Pennsylvania is provided by Section 977 of the 1937 Pennsylvania Election Code, Act of June 3, 1937, P.L. 1333, Art. IX, § 977, as amended, 25 P.S. § 2937 (Supp.1983–84).

... Section 977 sets forth the procedure to be followed in pursuing an objection, *including a time schedule in which the various steps of the process must occur.*

(emphasis added; citations omitted)

■ "The overriding consideration embodied in section 977 of the Election Code is the expeditious resolution of objections to a prospective candidate's filings." *In re Johnson*, 509 Pa. 347, 351, 502 A.2d 142, 145 (1985). The Legislature has determined what time limit best provides for the "expeditious resolution" of such disputes, and it is not for the courts to undermine that determination by making a case by case assessment of "a reasonable time, under the circumstances, within which the required service must be made." *American Labor Party Case, supra,* 352 Pa. at 580, 44 A.2d at 50.

In 1974, the Legislature amended section 977 of the Election Code to include the final sentence prescribing the office hours for the Secretary of the Commonwealth and of various prothonotaries "on the last day to withdraw after filing nomination petitions *and on the last day to file objections to nomination petitions."* 25 P.S. § 2937 (emphasis added). It is clear that the Legislature did so to ensure that service could be effected within the time limits set forth in that section. Had the Legislature disagreed with our interpretation of section 977 in the *American Labor Party Case,* it would have amended the section to overrule that interpretation.

160

■    Because we have reversed the decision of the Commonwealth Court which set aside appellant's nomination petition it is no longer appropriate under section 977 of the Election Code to order the appellant to pay the costs of the proceedings.[3]

Order reversed.  Parties to pay their own costs.

**3.**  Section 977 of the Election Code provides, in relevant part:
In case any such petition is dismissed, the court shall make such order as to the payment of the costs of the proceedings, including witness fees, as it shall deem just.
25 P.S. § 2937.
Appellant argues that the provision for the payment of costs cannot apply where the nomination petition is *set aside,* in that the provision for the payment of costs refers specifically to a petition which has been "dismissed."  Thus, appellant urges the Court to interpret the provision for the payment of costs as applying only where a petition to set aside a nomination petition is dismissed.  The preceding language of the statute discusses *both* nomination petitions and petitions to set aside a nomination petition.  Thus, the court can impose costs, as justice requires, when either the nominating petition is set aside or the petition to set aside the nominating petition is dismissed.