**In re: Nomination Paper of Malik BOYD as Candidate for State Representative for the 198th District in the Primary Election of April 24, 2012.**

**Objections of: Rosita Youngblood and Thera Martin–Connelly.**

Commonwealth Court of Pennsylvania.

Heard March 15, 2012.

Decided March 16, 2012.

Publication Ordered April 23, 2012.

Andrew T. Neuwirth, Bryn Mawr, for petitioners.

Charles M. Gibbs, Philadelphia, for respondent.

OPINION BY Senior Judge COLINS.

Before this Court is the Nomination Petition of Malik Boyd as Candidate for the Democratic Nomination for Representative in the Pennsylvania General Assembly for the 198th Legislative District (Nomination Petition). Objections to the Nomination Petition (Objection Petition) have been filed by Thera Martin–Connelly and the Honorable Rosita C. Youngblood, Demo-

cratic Representative in the Pennsylvania General Assembly for the 198th Legislative District (Objectors).

On March 6, 2012, Malik Boyd (Candidate or Mr. Boyd) filed Preliminary Objections alleging that the Objectors had failed to serve their Objection Petition on the Secretary of the Commonwealth in accordance with Section 977 of the Pennsylvania Election Code.[1] 25 P.S. § 2937. The Court held a hearing on March 15, 2012, and the Court sustained the Candidate's Preliminary Objections, dismissed the Objection Petition, and ordered that the Candidate's name appear on the ballot in the Primary Election of April 24, 2012. An Order was filed and served on the parties that same day with a notation that the instant memorandum opinion would follow.

An examination of the procedural and factual history of this case is necessary to understand its unusual circumstances and why the factual scenario before the Court is one of first impression. The Candidate's Nomination Petition was filed in a bifurcated manner. The Candidate filed nomination petition pages 1–20 on February 13, 2012, and filed supplemental pages 21–37 on February 16, 2012. In total, the Nomination Petition contained petition pages numbered 1–37, which the Candidate filed by the deadline of February 16, 2012, with the Pennsylvania Secretary of State, Department of State, Bureau of Commissions, Elections, and Legislation (Bureau).[2]

On February 17, 2012, Representative Youngblood's colleague, the Honorable Angel Cruz, Democratic Representative in the Pennsylvania General Assembly for the 180th Legislative District, appeared at the Bureau in Harrisburg to collect the Candidate's Nominating Petition. At that time, the Bureau presented Representative Cruz with only pages 1–20 of the Nominating Petition, and not pages 21–37. Objectors, Objectors' counsel, and Representative Cruz did not know, and had no way of knowing, that Mr. Boyd had filed supplemental petition pages with the Bureau.

On February 23, 2012, Objectors filed in Commonwealth Court their Objection Petition challenging pages 1–20 of the Nominating Petition. Objectors served the Candidate with a copy of the Objection Petition, however, they did not serve a copy on the Secretary of the Commonwealth. On that same day, Objectors learned that Candidate had filed supplemental nominating petition pages with the Bureau and that the Bureau had failed to provide those pages to Objectors or to Representative Cruz when he appeared in person at the Bureau. On February 24, 2012, Representative Cruz again appeared at the Bureau in Harrisburg to collect supplemental pages 21–37, which he then provided to Representative Youngblood.

In light of the Bureau's error, Objectors filed for emergency relief on February 27, 2012, seeking, *inter alia,* permission to file an amended objection petition challenging the supplemental petition pages, even though the deadline to file objections had passed. Objectors alleged that the Bureau failed to perform its duty to make available *all* pages of Candidate's Nomination Petition by February 23, 2012, the deadline to file objections. The Court granted the application for emergency relief by the

---

1. Act of June 3, 1937, P.L. 1333, Art. IX, § 977, *as amended,* 25 P.S. § 2937.

2. The required number of signatures on a nomination petition for Representative in the General Assembly is 300. 25 P.S. § 2872.1(14). Pages 1–20 of Mr. Boyd's Nomination Petition contained 702 presumptively valid signatures, subject to Objectors' challenges. 25 P.S. § 2937 (timely-filed nomination petitions are presumed to be valid, until challenged).

Order of March 2, 2012, and permitted the Objectors to file an amended objection petition expressly limited "to add[ing] challenges to pages 21 through 37 of the nomination petition." (March 2, 2012 Order, at 1.) On March 8, 2012, Objectors filed their amended petition (Amended Objection Petition) in compliance with the Court's Order.

Meanwhile, on March 6, 2012, the Candidate filed preliminary objections, seeking to dismiss the Objection Petition because it was not served on the Secretary of the Commonwealth. Given that the Court's Scheduling and Case Management Order had already scheduled a hearing for March 15, 2012, the Court ordered Objectors to file a response no later than March 13, 2012, which the Objectors did on March 8, 2012. Objectors filed Preliminary Objections to the Candidate's Preliminary Objections, arguing that the Objectors were entitled to *nunc pro tunc* relief because of the Bureau's error and because the Candidate was not prejudiced by the lack of service on the Secretary of the Commonwealth. Notably, Objectors did not argue that they had, at any time, served their Objection Petition on the Secretary.

On March 13, 2012, Objectors served a subpoena on the Bureau directing the Chief of the Bureau's Division of Commissions and Elections to attend the hearing scheduled for March 15, 2012, in Philadelphia, and testify regarding the Bureau's alleged error. Late in the afternoon on March 14, 2012, the Bureau filed a Motion to Quash the subpoena. The Bureau submitted an affidavit from the Chief admitting that, due to Bureau error, Objectors did not receive pages 21–37 of Candidate's Nomination Petition until February 24, 2012, one day after the deadline to file objections. The Bureau argued that the subpoena should be quashed in light of the affidavit, eliminating the need for live testimony, and because the Bureau is very busy: "During this Presidential Primary election season, Department [of State] personnel are very busy with administering the election, and would find it burdensome to appear at objection hearings, especially considering that there are over 100 objection cases and the fact that the role of the Department is administrative." (Bureau's Motion to Quash, at ¶ 10.)

As the Court noted at the hearing on March 15, 2012, it is incredible that the Bureau seeks to avoid testifying at "objection hearings" because, as is alleged, its personnel are busy. The Bureau's failure to properly discharge its duties *in this matter* necessitated testimony *in this matter*. There is simply no specified risk, contrary to the Bureau's allegation, that its personnel would be subpoenaed to testify in any other of the 100–plus objection cases pending in Commonwealth Court. The Court denied the Motion to Quash, but nevertheless excused the Chief's attendance at the hearing in Philadelphia and directed her to remain on-call should her testimony be required at a later date. (March 14, 2012 Order, at 1.)

At the hearing on March 15, 2012, the Court heard argument on the parties' preliminary objections. Before addressing the merits of those arguments, the Court wishes to commend the parties and their counsel for handling themselves professionally at all times and for complying with the Court's efforts to expedite the proceedings, especially in light of the errors made by the Bureau of Commissions, Elections, and Legislation, which placed an unnecessary burden on the parties, their counsel, and the Court.

Section 977 of the Election Code provides, in pertinent part:

All nomination petitions and papers received and filed within the periods limited by this act shall be deemed to be

valid, unless, within seven days after the last day for filing said nomination petition or paper, a petition is presented to the court specifically setting forth the objections thereto, and praying that the said petition or paper be set aside. *A copy of said petition shall, within said period, be served on the officer or board with whom said nomination petition or paper was filed.*... The office of the Prothonotary of the Commonwealth Court and the office of the Secretary of the Commonwealth and the various offices of prothonotary of the court of common pleas shall be open between the hours of eight-thirty o'clock A.M. and five o'clock P.M. on the last day to withdraw after filing nomination petitions and on the last day to file objections to nomination petitions.

25 P.S. § 2937 (emphasis added).

Our Supreme Court has interpreted this provision as requiring service of the petition to set aside a nomination petition on the Secretary of the Commonwealth, as "the officer or board with whom said nomination petition or paper was filed," within seven days. *In re Nominating Petition of Lee,* 525 Pa. 155, 158, 578 A.2d 1277, 1278 (1990); *see also In re Nomination Papers of American Labor Party,* 352 Pa. 576, 44 A.2d 48 (1945). In *Lee,* this Court had permitted the review of an objection petition that was not timely filed with the Secretary, reasoning that the objection petition could not be dismissed because the signature challenges therein were valid and the candidate did not have a sufficient number of signatures to appear on the ballot. *Lee,* 525 Pa. at 157–58, 578 A.2d at 1278. The Supreme Court reversed and held that our opinion was "faulty" because service is "*mandatory,* and that no relief could be granted where the challenger failed to effect timely service on that officer or board in accordance with section 977 of the Election Code." *Id.* The Supreme

Court recently affirmed its holding in *Lee,* stating: "In *In re Lee,* we likewise concluded that objections which were timely filed in the Commonwealth Court, but untimely served on the Secretary, *could not be considered.*" *In re Nomination Papers of James,* 596 Pa. 442, 450, 944 A.2d 69, 73 (2008) (emphasis added).

Here, Objectors admit that they did not timely serve a copy of their original Objection Petition on the Secretary of the Commonwealth. (Objectors' Preliminary Objections to Candidate's Preliminary Objections, March 8, 2012, at ¶ 5.) And, although through counsel Objectors aver that they "did serve the Secretary of the Commonwealth with proof of filing in the Commonwealth Court" (*id.*), albeit untimely, there is no record evidence that a copy of the original Objection Petition or the Amended Objection Petition were ever served on the Secretary, despite the fact that Objectors had ample opportunity to produce such evidence.

Objectors argue that it was "impossible" for them to serve the Secretary with "appropriate objections" because of the Bureau's failure to perform its duties. (*Id.* at ¶ 5.) Objectors also argue that this Court's March 2, 2012 Order permitting the filing of an amended objection petition effectively granted *nunc pro tunc* relief to make untimely service on the Secretary of the Commonwealth.

First, our March 2, 2012 Order did not relieve Objectors of their obligation to serve their Objection Petition in accordance with the Election Code. The Order is expressly limited to permit Objectors to file an amended objection petition to add challenges to supplemental nomination pages 21–37 that the Bureau failed to provide. Nothing in that Order permitted Objectors to simply not serve the Secre-

tary of the Commonwealth with their objections.

Second, the factual scenario presented here is one of first impression. The Court recognizes that the Bureau's serious error prevented Objectors from timely challenging all of the Candidate's nomination petition pages. Nevertheless, at the time Objectors filed in Commonwealth Court their original Objection Petition challenging pages 1–20, Objectors were unaware that any other nomination petition pages existed. As a result, Objectors, at the very least, should have served a copy of the original Objection Petition on the Secretary of the Commonwealth. Although the Bureau's error was a fundamental lapse of its duties, it does not excuse or justify the Objectors' failure to fulfill their obligations under Section 977 of the Election Code.

Thus, our Supreme Court's holding in *In re Lee* controls and we cannot consider the Objection Petition. Further, because the Election Code provides that "[a]ll nomination petitions and papers received and filed within the periods limited by this act shall be deemed to be valid," 25 P.S. § 2937, we find that the Candidate has submitted a sufficient number of valid signatures required for certification and that Mr. Boyd may appear on the ballot as a candidate for State Representative for the 198th District in the Primary Election of April 24, 2012.

### ORDER

AND NOW, this 15th day of March, 2012, in consideration of the Candidate's Preliminary Objections for Failure to Serve the Secretary of the Commonwealth, the Objectors' Preliminary Objections to the Preliminary Objections of Candidate for Failure to Serve the Secretary of the Commonwealth, the argument held on March 15, 2012, and the entire record herein:

**IT IS HEREBY ORDERED** that the Objectors' Preliminary Objections to the Candidate's Preliminary Objections are OVERRULED.

**IT IS FURTHER ORDERED** that the Candidate's Preliminary Objections are SUSTAINED and the Objections of Rosita Youngblood and Thera Martin–Connelly to the Nomination Paper of Malik Boyd as Democratic Candidate for State Representative for the 198th District in the Primary Election are DISMISSED.

The name Malik Boyd shall be permitted to appear on the ballot as a Democratic Candidate for State Representative for the 198th District in the Primary Election of April 24, 2012. The Chief Clerk of the Commonwealth Court is directed to send a copy of this Order to the Secretary of the Commonwealth.

**IT IS FURTHER ORDERED** that the Candidate shall be permitted to submit a petition for costs within 15 days of the date of this Order, and the Objectors shall have 10 days from the date of service of said petition to respond thereto. The Court makes no ruling at this time regarding whether said petition may be granted.

**OPINION TO FOLLOW.**