# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Nomination Petition of : 
John Broadhurst as Democratic : 
Candidate for Office for U.S. : 
Representative in Congress 10th : 
Congressional District of Pennsylvania : 
                                     :       No. 96 M.D. 2024 
Objection of: Martha C. Peck :       Heard: March 5, 2024

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge

OPINION BY
PRESIDENT JUDGE COHN JUBELIRER         FILED: March 8, 2024

Before the Court is the Petition to Set Aside the Nomination Petition of John Broadhurst (Candidate) as Democratic Candidate for Office for United States (U.S.) Representative in Congress for the 10th Congressional District of Pennsylvania (Objection Petition) filed by Martha C. Peck (Objector). Objector alleges that Candidate's Nomination Petition is defective because it does not contain the 1,000 valid signatures from qualified electors required by Section 912.1(12) of the Pennsylvania Election Code[1] (Election Code). In response, Candidate filed a Motion to Dismiss as Untimely the Objection Petition (Application.)[2] The Court heard arguments on whether the Objection Petition had been properly filed and served in accordance with the requirements of Section 977 of the Election Code, 25 P.S. § 2937, and held an evidentiary hearing on the Objection Petition. Following

---

[1] Act of June 3, 1937, P.L. 1333, *as amended*, added by Section 2 of the Act of December 12, 1984, P.L. 968, 25 P.S. § 2872.1(12).

[2] The Court treats the Motion to Dismiss as Untimely the Objection Petition as an application (Application) filed under Pennsylvania Rule of Appellate Procedure 123, Pa.R.A.P. 123.

consideration of the record created and the applicable law, the Court determines that Objector did not meet the burden of proving that the Objection Petition was properly served on the Secretary of the Commonwealth (Secretary), and, therefore, Candidate's name shall remain on the primary ballot for the Democratic Candidate for Office for U.S. Representative in Congress for the 10th Congressional District of Pennsylvania.[3]

## I. BACKGROUND

Candidate filed his Nomination Petition and Candidate's Affidavit on or about February 13, 2024. The Nomination Petition consists of 134 pages containing 1,389 signatures of purported qualified, registered Democratic electors, as well as a circulator statement for each page.[4] Before the Court on March 5, 2024, the parties stipulated that on February 20, 2024, Objector electronically filed the Objection Petition with this Court at 5:54 p.m., and emailed a copy of the Objection Petition to an email address at the Pennsylvania Department of State (Department) at 6:26 p.m., which was opened by an employee thereof at either 6:26 p.m. or 6:27 p.m. It is undisputed that these actions occurred after 5:00 p.m. on February 20, 2024. Objector filed an amended petition on March 3, 2024, clarifying certain objections that had been raised in the Objection Petition. Objector alleges that 951 of the 1,389 signatures are defective for one or more reasons.

Upon receipt of the Objection Petition, the Court issued a per curiam Scheduling and Case Management Order (Scheduling Order) on February 21, 2024, scheduling a hearing for March 5, 2024. The Court issued additional per curiam

---

[3] Based on this disposition, the Application is dismissed as moot.

[4] The pages provide two sides for signatures with the circulator statement on the bottom of the second side.

orders on February 22, 2024, February 27, 2024, and March 1, 2024, directing the parties to meet on February 29, 2024, to review the challenged signatures, and to meet thereafter at mutually agreed upon times and places to continue that review with the aim of filing the joint stipulation ordered in the Scheduling Order, as supplemented by the Court's other orders. The parties met prior to the scheduled hearing on February 29, 2024, March 1, 2024, and March 3, 2024. Objector filed a status report on March 3, 2024, relevantly stating that, after that review, the parties orally agreed that 286 signature lines should be struck as being invalid.[5] Candidate ultimately accepted this number, which left him with 1,103 signature lines remaining.

On March 5, 2024, the Court began by hearing arguments on the Application by Candidate, proceeding pro se, Secretary, as amicus curiae, and Objector, represented by counsel. The arguments, in addition to addressing the timeliness of filing of the Objection Petition, also encompassed whether Objector met the burden of showing service on the Secretary as required by Section 977. The Court withheld ruling on whether the procedural requirements for the Objection Petition had been met, and therefore, following argument, the Court held an evidentiary hearing on the specific challenges against the Nomination Petition set forth in the Objection Petition, at which an operator from the SURE[6] system testified.[7] At the end of the

---

[5] A status report, rather than a joint stipulation, was filed because Candidate did not respond to Objector's request to review the stipulation.

[6] "The SURE system is the Statewide Uniform Registry of Electors, the statewide database of voter registration maintained by the Department of State and administered by each county. . . . Among other things, the records maintained by this system include an elector's registered address." *In re Nomination Petitions of Major*, 248 A.3d 445, 449 n.3 (Pa. 2021) (internal quotation marks and citation omitted).

[7] As always, the Court gratefully commends the professionalism and efforts of the SURE operators without whom objections to nomination petitions would not be able to proceed in the orderly fashion as ordered by the Court.

hearing, it was apparent that Candidate did not have the 1,000 valid signatures required to remain on the ballot.[8]  Thus, the Court must now rule on whether the Objection Petition met the requirements of Section 977 of the Election Code because, if not, the Nomination Petition will be deemed valid notwithstanding the signature issues.

## II. DISCUSSION

### A. Section 977 of the Election Code

Section 977 of the Election Code establishes the requirements for filing objections to nomination petitions.  In relevant part, Section 977 provides as follows:

> **All nomination petitions** . . . received and filed within the periods limited by this [A]ct **shall be deemed to be valid, unless**, **within seven days after the last day for filing said nomination petition** . . . , **a petition is presented to the court** specifically setting forth the objections thereto, and praying that the said petition . . . be set aside.  A copy of said petition shall, **within said period, be served on the officer** . . . with whom said nomination petition . . . was filed. . . . .  The **office of the Prothonotary of the Commonwealth Court and the office of the Secretary** . . . **shall be open between the hours of eight-thirty o'clock A.M. and five o'clock P.M**. . . . **on the last day** to file objections to nomination petitions.

25 P.S. § 2937 (emphasis added).  Filing and service within the seven-day period is mandatory, and courts may not extend that deadline.  *In re Lee*, 578 A.2d 1277, 1278 (Pa. 1990); *In re Nomination Papers of Am. Lab. Party*, 44 A.2d 48, 50 (Pa. 1945).  It has long been held that "[u]nless these requisite procedural steps have been properly performed, the nomination [petitions] are deemed valid and a court is

---

[8] The hearing ended when Candidate's number of valid signature lines reached 996.  Candidate acknowledged this given the Court's rulings which were required under the Election Code and case law.

without power to set them aside." *Am. Lab. Party*, 44 A.2d at 50. Thus, if the Court concludes that Objector did not comply with these requirements, it cannot grant the relief requested therein.

### B. Analysis

The courts have not yet resolved the issue of whether an objection petition complies with the requirements in Section 977 if it is filed with the Court, and served on the Secretary, after 5:00 p.m. on the seventh day after the last day for filing nomination petitions or whether service on the Secretary is permitted by email. These are thus open questions, and the parties, as well as the Secretary, have made compelling arguments in support of their respective positions. The Court first considers whether the requisite service on the Secretary was "properly performed," *American Labor Party*, 44 A.2d at 50, when Objector emailed a copy of the Objection Petition to an email address at the Department, because if it was not, service was not proper regardless of when the email was opened.

Objector contends that service on the Secretary is not at issue because it was not specifically included in the Application. However, Candidate did not have to raise the issue of email service on the Secretary in an application for it to be before the Court. The Court recognizes that Objector bears the burden of proving proper service on the Secretary, and such evidence is to be presented at the beginning of the hearing on an objection petition.[9] *See In re Lee*, 578 A.2d at 1278 (dismissing objection petition where objector failed to prove proper service on the Secretary, a mandatory requirement of Section 977); *Petition of Acosta*, 578 A.2d 407, 409 (Pa.

___

[9] Acceptable evidence includes sworn affidavits or certificates affirming service on the Secretary or a copy of the front or cover page of an objection petition that bears a time stamp from the Secretary. *In re Jabbour*, 944 A.2d 78, 79 (Pa. 2008) (per curiam).

1990) (same); *In re Nomination Petition of Emenheiser*, 896 A.2d 1288, 1289 (Pa. Cmwlth. 2006) (Flaherty, S.J.) (single-judge op.) (dismissing objection petition because objector's evidence showed that a mailed copy of an objection petition was received two days after the last day for service which failed to establish timely service).[10,11] Indeed, that requirement is reaffirmed in the Court's Scheduling Order, which states that "[a]t the hearing, Objector shall offer proof of timely service of the Objection Petition on the Secretary . . . . ")  (Scheduling Order, 2/21/2024 ¶ 1(D).)[12] The Objection Petition contained a Certificate of Service (Certificate) reflecting that a copy of the Objection Petition was mailed to the Secretary on February 20, 2024, by First-Class U.S. Mail in order to fulfill the service requirement of Section 977. (Objection Petition, Certificate of Service.)  In addition, the parties stipulated at the hearing that the Objection Petition was sent to an email address at the Department after 5:00 p.m.  At that time, Candidate objected that this service did not comply with Section 977's requirements and asserted that the Objection Petition should be dismissed.  The Secretary likewise questioned whether that method of service was sufficient.  Objections to service may be raised orally at a hearing.  *In re Lee*, 578 A.2d at 1277 ("At the hearing . . . [the] appellant moved to dismiss [the] appellee's

---

[10] *In re Emenheiser* is cited as persuasive authority because, although reported, it was decided prior to Commonwealth Court Internal Operating Procedure Section 414(d),-210 Pa. Code § 69.414(d) ("A reported opinion of a single Judge filed after October 1, 2013, in an election law matter may be cited as binding precedent in an election law matter only.")

[11] The Court has held, however, that a challenge to the improper service of an objection petition on the official with whom a nomination petition is filed can be waived if not raised before the trial court as it is a matter of personal jurisdiction.  *In re Nomination Papers of Mindlin*, 81 A.3d 1012, 1013 (Pa. Cmwlth. 2013).  That is not the case here.

[12] The Court's July 19, 2023 Administrative Order authorizing service on **candidates** via posting on the Court's website specifically states that nothing therein "relieves an objector of their obligation to serve the Secretary . . . with a copy of the objection petition as required by Section 977 . . . ."  *In re Objections to Nomination Petitions/Papers of Candidates for Statewide and State-Level Office* (Pa. Cmwlth., No. 126 Misc. Dkt. No. 3, filed July 19, 2023), at n.3.

6

petition to set aside claiming" that service on the Secretary was not timely); *In re Nomination Petitions of Barnes* (Pa. Cmwlth., Nos. 368 & 369 C.D. 2021, filed Apr. 15, 2021) ("During the . . . hearing . . . , [the c]andidate made an oral motion to dismiss the [o]bjectors' [objection p]etition for lack of compliance with the statutory deadline for serving the [p]etitions."), slip op. at 2. Thus, the Court concludes the issue of service on the Secretary, both in terms of timing and manner, are before the Court.

Relevantly, Section 977 states "[a] copy of said petition shall, within said period, be served on the officer . . . with whom said nomination petition . . . was filed." 25 P.S. § 2937. As the Nomination Petition was filed with the Secretary, it is the Secretary who must be served with a copy of the Objection Petition. Service on the Secretary as required by Section 977 is mandatory, and if the objections are not served in accordance with Section 977, the objections will not be considered. *In re James*, 944 A.2d at 73. It has long been held that "[u]nless these requisite procedural steps have been **properly performed**, the nomination [petitions] are deemed valid and a court is without power to set them aside." *Am. Lab. Party*, 44 A.2d at 50 (emphasis added). Section 977 does not specify a manner of service, but service by hand delivery is permissible and preferred, and appears to be the norm; pursuant to *Petition of Acosta*, service by mail is allowable, but the mail must be received by the Secretary on the seventh day. 578 A.2d 407 at 409. Notably, the appearance of the officer does not waive or cure defective service. *In re Gerena*, 972 A.2d 86, 90-91 (Pa. Cmwlth. 2009) (Butler, J.) (single-judge op.).

The Secretary, citing *Petition of Acosta*, 578 A.2d at 409, asserts that "[s]ervice upon an email resource account after the 5:00 p.m. deadline is not sufficient pursuant to Section 977." (Secretary's Amicus Brief at 3.) Noting that

7

the Secretary has only received the Objection Petition via email, the Secretary observes that whether service of objection petitions can be effectuated by email is an open question; as a practical matter, if it is sent by email after the end of the workday, this means it is unlikely that an objection petition will be received by staff for processing until the eighth day.[13] Further, it puts the Secretary in the position of having to go through all of the Department's email accounts to determine whether a document has been served, as no email account has ever been designated for service. When asked how service was effectuated during COVID-19, the Secretary advised that no provision was made for email service. The Secretary does not take a specific position on whether service by email was effective but is unaware of any document or rule that would authorize such service and Secretary has not agreed to receive service in such fashion.

Candidate adopts the arguments of the Secretary and asserts that Section 977 requires service by 5:00 p.m., and the service here was by email and occurred after 5:00 p.m. on the last day. Candidate observes that the Objection Petition indicated that it was served on the Secretary by First-Class U.S. Mail **on** February 20, 2024, the last day for filing objections. He maintains that while service by mail is allowed, the mail must be received on the last day, and Objector should have hand delivered the copy to ensure its proper service. (Candidate's Memorandum of Law at 4-5.) Absent compliant service, Candidate argues, the Objection Petition must be dismissed.

Objector asserts that the Objection Petition was timely filed and served and asserts the "objections must be heard to preserve the integrity of the election process and ensure adherence to the statutory requirements" as Candidate's Nomination

---

[13] Unless otherwise noted, the arguments discussed were made before the Court on March 5, 2024.

Petition does not contain sufficient signatures of qualified electors to be on the primary ballot. (Objector's Answer to the Application at 8 (internal quotation marks omitted).) Objector argues that the Objection Petition was emailed to what counsel referred to as "the elections email for the Secretary," "ST.Elections," (Argument), and that this email was received on the last day to file objection petitions. The email is attached to the Secretary's Amicus Curiae Brief.

The Election Code does not define "service." However, in examining service on the Secretary, the Supreme Court in *Petition of Acosta* quoted the definition of service in Black's Law Dictionary. 578 A.2d at 409 n.4. At that time, the definition was "the exhibition or delivery of a legal document 'to a person who is thereby **officially notified** of some action or proceeding in which he is concerned, and is thereby advised or warned of some action or step which he is commanded to take or to forbear.'" *Id.* (quoting Black's Law Dictionary (5th ed.)) (original emphasis omitted, new emphasis added). The Eleventh Edition of Black's Law Dictionary defines "service" as "[t]he **formal** delivery of a . . . pleading, or notice to a litigant or other party interested in litigation; the legal communication of a judicial process." Black's Law Dictionary 1643 (11th ed.) (emphasis added).

Although not offered at the hearing as proof of service, the Objection Petition's Certificate of Service (Certificate) provides that, "I, [counsel], in **fulfillment of service on the Secretary . . . pursuant to [Section 977],** hereby certify that I have **this day** served the following with a copy of the foregoing Petition to Set Aside Nomination Petition by **First-Class U.S. Regular Mail**, addressed" to the Secretary. (Objection Petition, Certificate of Service (emphasis added).) The Certificate was dated February 20, 2024, the last day to file and serve such objection petitions. As previously discussed, mailing an objection petition on the seventh day

9

does not constitute timely service, as the mail must be **received** by that date. *Petition of Acosta*, 578 A.2d at 408-09. The Certificate contains no reference to the email sent, so there is no formal representation on the Objection Petition or official notification that the email to the Department was intended to operate as "fulfillment of service on the Secretary . . . pursuant to" Section 977.

Objector argues that the email of the Objection Petition to "ST.Elections," which counsel represented was the elections email for the Secretary, is proper service as required by Section 977. Objector cites no law, rule, or other document authorizing service of an objection petition on the Secretary via email. Objector points out that the Secretary listed the receipt of the email in the online election tracker,[14] and that this Court authorizes service on candidates by posting the objection petition on its website. As to the former contention, however, no agreement by the Secretary to accept service by email or that the inclusion on the tracker reflected proper service was presented, and there is no evidence that the Secretary has provided an email address to be used for the acceptance of service of legal documents. Instead, the Secretary argues to the contrary. The Court is likewise unaware of any authority that would permit the service of an objection petition on the Secretary by email without the Secretary's agreement or the providing of an email address. As to the latter contention, this Court's July 19, 2023 Order, authorizing service via website posting, gives ongoing **notice** to the public, and particularly candidates, that such service is acceptable, and that candidates have a continuing obligation to check the website. *In re Objections to Nomination*

---

[14] *See* "Objection Cases Filed – General Primary 2024 (as of 2/29/2024 at 3:30 p.m.", *available at* https://www.dos.pa.gov/VotingElections/CandidatesCommittees/RunningforOffice/Documents/2024/Objection%20Cases%20Tracker%202024%20(03.05.24%200330%20pm).pdf (last visited March 8, 2024).

*Petitions/Papers of Candidates for Statewide and State-Level Office* (Pa. Cmwlth., No. 126 Misc. Dkt. No. 3, filed July 19, 2023). That Order specifically states that nothing therein "relieves an objector of their obligation to serve the Secretary . . . with a copy of the objection petition as required by Section 977 . . . ." *Id.* at n.3. Thus, this Court's Order authorizes a particular type of service, which this Court is authorized to do, *see In re Blount*, 898 A.2d 1181, 1184 (Pa. Cmwlth. 2006) (Cohn Jubelirer, J.) (single-judge op.) ("[u]nder Section 977 of the [] Election Code, the [] court has complete control to regulate the time and manner of giving notice and the fixing of hearings") (internal quotation marks omitted), and the Order provides advance notice of the service rules and where to find the legal papers related to their case.

In *Petition of Acosta*, the objector served the Secretary by U.S. Mail. This Court determined that "service by mail is not precluded by the Election Code," and, based on Pennsylvania Rule of Civil Procedure 440(b), Pa.R.Civ.P. 440(b), found proper service when the objection petition was placed in the mail on the last day to file objection petitions. While the Supreme Court agreed that service by mail was not precluded by the Election Code, it disagreed that service was complete when the objection petition was put in the mail, but stated it was complete only upon receipt. *Petition of Acosta*, 578 A.2d at 409. This was because the Supreme Court "held that the Pennsylvania Rules of Civil Procedure do not apply to a challenge to a nomination petition or paper in light of the **overriding consideration** embodied in [S]ection 977 of the Election Code, i.e.[,] the **expeditious consideration and resolution** of challenges to nomination petitions." *Id.* at 409 (emphasis added). Because service on the Secretary is mandatory, and the objections were not received within the time limits, this Court's decision in *Petition of Acosta* was reversed.

11

Similar to service by mail, it does not appear that service by email is specifically precluded by the Election Code. However, there are also no rules or orders that specifically provide for such service and how it is to be accomplished. Thus, even though the Court recognizes that the Rules of Civil Procedure do not technically apply, the Court can find guidance from the rules the bench and bar routinely follow which provide when and how service by email is permitted.

Pennsylvania Rules of Civil, Criminal, and Appellate Procedure all provide for service by email under certain circumstances. Pennsylvania Rule of Civil Procedure 205.4(g)(1)(ii) provides:

> (g)(1) Copies of all legal papers other than original process filed in an action or served upon any party to an action may be served
>
> . . . .
>
> (ii) by electronic transmission, other than facsimile transmission, **if the parties agree thereto** or an **electronic mail address is included on an appearance or prior legal paper filed with the court** in the action. A paper served electronically is subject to the certifications set forth in subdivision (b)(3).

*See* Pa.R.Civ.P. 205.4(g)(1)(ii) (emphasis added). Rules 114(B)(3)(a)(vi), (c) and 576(b)(2)(vi) of the Pennsylvania Rules of Criminal Procedure similarly limit service via "facsimile transmission or other electronic means" to where there is "a **written request** for this method of service," and such request can be rescinded at any time. Pa.R.Crim.P. 114(B)(3)(a)(vi), (c); 576(b)(2)(vi) (emphasis added).[15] Similar to the procedural rules for matters at the trial level, Rule 121(c)(4) of the

---

[15] Although under Criminal Rule 576.1, if a court of common pleas adopts a local rule allowing for electronic filing and service, electronic service can be made on those who participate in the electronic filing system, but others must be served using the provisions set forth in Criminal Rule 576(b). Pa.R.Crim.P. 576.1(H)(3).

Pennsylvania Appellate Rules of Procedure provides only for service "by facsimile or e-mail with the **agreement** of the party being served as stated in the certificate of service." Pa.R.A.P. 121(c)(4), (emphasis added).

The Federal Rules of Procedure likewise provide for service by email where there is consent to such service. Rule 5(b)(2)(e) of Federal Rules of Civil Procedure sets forth what type of service is proper for "Serving and Filing Pleadings and Other Papers," and that service of a paper may be performed by "sending it by other electronic means that the person **consented to in writing** . . . ." F.R.C.P. Rule 5(b)(2)(E) (emphasis added). Rule 49(a)(3)(B) of the Federal Rules of Criminal Procedure also provides that service by "Other Electronic Means" is based on the "electronic means that the person **consented to in writing**." F.R.C.P. 49(a)(3)(B) (emphasis added).

What these procedural rules have in common is that there must be either an agreement between the parties or an email address provided on a filing indicating consent to receiving email service at that address. None of these procedural rules contemplate or permit proper service of a legal filing by email without an agreement or some indicia of consent. Service of legal documents is a formal process; without agreement and a mutual understanding as to the correct email address to use, there is both a risk of non-receipt, and the risk that the recipient may not be aware that email will be used for that purpose.

Here, there is no allegation or argument that the Secretary consented to service by email or that an email address was included on a legal filing, or otherwise provided for service of legal documents on the Secretary.[16] Thus, sending an email

---

[16] Indeed, while Objector describes "ST.Elections" as the elections email for the Department, others are plainly discoverable on the Department's website, including "ra-
**(Footnote continued on next page…)**

with the Objection Petition to an election email at the Department, here "ST.Elections," without the Secretary's agreement or consent, would not comply with the common procedural rules in Pennsylvania.

The reason the civil rules do not apply to these challenges is the concern for expediency and timely resolution. *Petition of Acosta*, 578 A.2d at 409. If the Secretary has not agreed to service by email and has not provided an email address at which the Secretary can expect to receive service of the official notification of the filing of an objection petition, there is no guarantee that the Secretary will be aware that a filing has been served by email. This does not give effect to the Election Code's intent for the expedient and timely resolution of such petitions. The Court is particularly sensitive to the Secretary's concern that allowing email service absent agreement of the Secretary would require the scouring of numerous email accounts to determine if any objection petitions had been served on the Secretary. This concern is supported by the Supreme Court's decision in *In re Nomination Paper of Scroggin*, wherein mandatory documents, a candidate's affidavit, were filed, unsolicited, by fax, which, as described by the objectors, "sat in an unmonitored email account—unprinted, undiscovered, and unacknowledged by Department staff" for three weeks.[17] 237 A.3d 1006, 1011, 1016 (Pa. 2020) (citations omitted). Indeed, the Supreme Court observed that the idea that it was permissible to file mandatory documents by fax or email was "belie[d]" by "the fact that the [filings]

_____

elections@pa.gov," on the Department's "Running for Office" page. *See* https://www.dos.pa.gov/VotingElections/CandidatesCommittees/RunningforOffice/Pages/default.aspx (last visited March 8, 2024).

[17] The Department had an email account associated with the number generally used by the Department to receive faxed transmissions, which the Department's witness testified was not typically checked unless someone was asked to fax something, which did not occur in that instance, and because candidates did not follow up, the Department was unaware of its receipt until three weeks later. *See In re Scroggin*, 237 A.3d at 1010-11.

14

for . . . every candidate [other than these] were delivered in person." *Id.* at 1021. Here, of the objection petitions served on the Secretary, it appears that all but three were served in person on February 20, 2024. Of those three, one was served by courier, one was served by mail, and one was served by email.[18] It was only Objector that served the Secretary by email. While it was fortuitous that the email was opened in this case, that is not any guarantee that it would happen in the future. There are reasons all of the procedural rules require consent and an email address to be provided; those reasons apply here.

After careful review, the Court finds that the email sent to the Secretary in this case did not constitute service on the Secretary as required by Section 977. Because Objector has not established that "the[] requisite procedural steps have been **properly performed**, the [N]omination [Petition is] deemed valid and [the C]ourt is without power to set [it] aside." *Am. Lab. Party*, 44 A.2d at 50 (emphasis added).

## III. CONCLUSION

Accordingly, based on the foregoing, the Objection Petition is dismissed, and Candidate remains a Democratic Candidate for U.S. Representative in Congress for the 10th Congressional District of Pennsylvania. The Application is dismissed as moot. The parties shall bear their own costs.

_____

**RENÉE COHN JUBELIRER,** President Judge

---

[18] *See* "Objection Cases Filed – General Primary 2024 (as of 2/29/2024 at 3:30 p.m.," available at https://www.dos.pa.gov/VotingElections/CandidatesCommittees/RunningforOffice/Documents/2024/Objection%20Cases%20Tracker%202024%20(03.05.24%200330%20pm).pdf (last visited March 8, 2024).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Nomination Petition of :
John Broadhurst as Democratic :
Candidate for Office for U.S. :
Representative in Congress 10th :
Congressional District of Pennsylvania :
 :
Objection of: Martha C. Peck : No. 96 M.D. 2024

## O R D E R

**NOW**, March 8, 2024, the Petition to Set Aside the Nomination Petition of John Broadhurst (Candidate) as Democratic Candidate for Office for U.S. Representative in Congress for the 10th Congressional District of Pennsylvania (Objection Petition) is **DISMISSED**, and Candidate's Motion to Dismiss as Untimely the Objection Petition is **DISMISSED AS MOOT**. The parties shall bear their own costs.

Candidate's name shall remain on the April 23, 2024 General Primary Election ballot.

_____
**RENÉE COHN JUBELIRER,** President Judge