IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Nomination Petition of Martin B.   :
Flynn a/k/a Marty Flynn, Candidate for   :
Senator in the General Assembly, 22nd   :
Senatorial District, Primary Election to   :
be held May 19, 2026   :     136 M.D. 2026
  :
Objection of: Lawrence S. Sparano   :


BEFORE:   HONORABLE MATTHEW S. WOLF, Judge

OPINION
BY JUDGE WOLF                      FILED: March 20, 2026


Before the Court is the Petition of Lawrence S. Sparano (Objector) to Set Aside the Nomination Petition (Petition to Set Aside or Petition) of Martin B. Flynn (Candidate) as a candidate for the Democratic Nomination for Senator in the General Assembly, 22nd Senatorial District, in the May 19, 2026 Primary Election. Also before the Court are Candidate's Application for Relief (Application) seeking to dismiss the Petition for failure to timely serve the Petition on the Secretary of the Commonwealth (Secretary) and Objector's answer to the Application. Upon consideration of the Application and answer thereto, the Court concludes the Secretary was not timely served with the Petition, grants the Application, and dismisses the Petition.

Section 977 of the Election Code[1] provides, in relevant part:

> All nomination petitions and papers received and filed within the periods limited by this act shall be deemed to be valid, unless, within seven days after the last day for filing said nomination petition or paper, a petition is

---

[1] Act of June 3, 1937, P.L. 1333, § 977, *as amended*, 25 P.S. § 2937.

> presented to the court specifically setting forth the objections thereto, and praying that the said petition or paper be set aside. A copy of said petition shall, within said period, be served on the officer or board with whom said nomination petition or paper was filed . . . . The office of the Prothonotary of the Commonwealth Court and the office of the Secretary of the Commonwealth . . . shall be open between the hours of eight-thirty o'clock A.M. and five o'clock P.M. . . . on the last day to file objections to nomination petitions.

25 P.S. § 2937. A petition to set aside a nomination petition must be timely filed with the court, and it must also be timely served on the Secretary. Even if the petition is timely filed, failure to serve the Secretary with the petition within the statutory period requires that the petition be dismissed. *See In re Lee*, 578 A.2d 1277, 1278 (Pa. 1990); *In re Broadhurst*, 312 A.3d 410, 414-15 (Pa. Cmwlth. 2024).

The deadline for filing and serving petitions to set aside nomination petitions in the May 19, 2026 Primary Election was March 17, 2026, at 5:00 p.m. Objector timely filed the Petition in this Court on that date. Candidate is seeking to appear on the ballot for a state-level office and thus filed the nomination petition with the Secretary. Accordingly, the Petition was required to be served on the Secretary by March 17, 2026, at 5:00 p.m. 25 P.S. § 2937. The proof of service for the Petition states that Objector served the Petition on the Secretary by certified mail on March 17, 2026.

In the Application, Candidate asserts the Petition was served on the Secretary at 12:26 p.m. on March 18, 2026, and Candidate attaches a communication from the Secretary confirming that. The Secretary's online tracker indicates the Petition was served on the Secretary on March 18, 2026.[2]

---

[2] *See* "Objection Cases Filed - Primary Election 2026 (as of 3/19/2026 at 4:00 p.m.)", https://www.pa.gov/content/dam/copapwp-pagov/en/dos/programs/voting-and-elections/running-for-office/2026/petition-filing-2026/objections%20tracker%202026.pdf.

2

In the answer, Objector admits the Petition was physically served on the Secretary on March 18, 2026. Objector argues, however, the Secretary had actual notice of the Petition prior to 5:00 p.m. on March 17, because (1) the Petition was filed via PACFile on March 17 and (2) counsel for Candidate entered an appearance in this Court at 4:44 p.m. on March 17, both of which filings were immediately provided to the Secretary via the PACFile system. Objector argues *In re Broadhurst* is distinguishable because, in that case, the Secretary had not consented to service via email, but the Secretary has registered for PACFile and thus has consented to service via PACFile. Objector acknowledges that the Court's January 22, 2026 order authorizes service on the candidate via website posting of petitions to set aside, but does not alter the requirement of timely service on the Secretary.[3]

The Court concludes Objector did not timely serve the Petition on the Secretary as the Election Code requires. In *In re Broadhurst*, this Court held "Section 977 does not specify a manner of service, but service by hand delivery is permissible and preferred, and appears to be the norm." 312 A.3d at 415. Mail service is sufficient if the mail is received by the Secretary within the service period. *Id.* The Court declined the *Broadhurst* objector's request to allow email service on the Secretary because service must be "properly performed." *Id.* at 419-20. That decision controls here. Electronic service, such as by PACFile as Objector alleges, is not sufficient because opting into PACFile is no guarantee the Secretary will constantly monitor electronic filing notifications at all hours, and Section 977 sets forth specific times when the Secretary should expect to be served. *See Id.* at 419. Accordingly, the Petition must be dismissed, and Candidate's nomination petition must be deemed valid. 25 P.S. § 2937; *In re Broadhurst*, 312 A.3d at 419-20.

---

[3] See *In re Objections to Nomination Petitions/Papers of Candidates for Statewide and State-Level Office* (Pa. Cmwlth., No. 126 Misc. Dkt. No. 3, January 22, 2026).

Candidate shall remain on the ballot as a candidate for the Democratic Nomination for Senator in the General Assembly, 22nd Senatorial District, in the May 19, 2026 Primary Election.

_____
MATTHEW S. WOLF, Judge

4

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Nomination Petition of Martin B.   :
Flynn a/k/a Marty Flynn, Candidate for   :
Senator in the General Assembly, 22nd   :
Senatorial District, Primary Election to   :
be held May 19, 2026   :    136 M.D. 2026
  :
Objection of: Lawrence S. Sparano   :

# **O R D E R**

AND NOW, this 20th day of March, 2026, the Court hereby **ORDERS** as follows:

1. Martin B. Flynn's Application for Relief is GRANTED, and Lawrence S. Sparano's Petition to Set Aside the Nomination Petition of Martin B. Flynn as a candidate for the Democratic Nomination for Senator in the General Assembly, 22nd Senatorial District, in the May 19, 2026 Primary Election is DISMISSED.

2. The Secretary of the Commonwealth is directed to certify the name of Martin B. Flynn to the proper officials for inclusion on the ballot of the Democratic Primary to be held on May 19, 2026.

3. The hearing fixed for Thursday, March 26, 2026, at 10:00 a.m., in Courtroom 3002, 3rd Floor, Pennsylvania Judicial Center, 601 Commonwealth Avenue, Harrisburg, Pennsylvania, is CANCELED.

4. Each party shall bear their own costs.

5. The Prothonotary shall notify the parties hereto and their counsel of this Order and also certify a copy hereof to the Secretary of the Commonwealth forthwith.

MATTHEW S. WOLF, Judge